**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GRANVILLE SCRUGGS, II,**

    **Plaintiff,**

**vs.**                                                         **Case No. 4:23cv301-MW-MAF**

**TRAVELERS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On October 17, 2023, the pro se Plaintiff filed a motion for judgment

on the pleadings.  ECF No. 28.  Plaintiff contends he "is entitled to

judgment as a matter of law because the Defendant failed to respond as

required by law to" his complaint and amended complaint.  *Id.* at 1.

Plaintiff is incorrect.  First, if a defendant had failed to respond to a

complaint, the proper remedy would be to file a motion for default under

Rule 55(a).  Indeed, Plaintiff already filed a motion for default and default

judgment on October 10, 2023, ECF No. 25, but that motion was denied on

the merits because Defendant removed this case to federal court, *see* ECF

No. 1, filed a response to Plaintiff's motion to remand, ECF No. 16, and has

recently filed a motion to dismiss, ECF No. 26.  ECF No. 27.

Second, a motion for judgment on the pleadings pursuant to Rule

12(c) is appropriate when the complaint and the answer to the complaint

reveals one party is entitled to judgment as a matter of law.  In this case,

the Defendant has not yet filed a pleading - that is, an answer[1] - but

instead, filed a motion to dismiss.  ECF No. 26.  Plaintiff is well aware of

that motion because it is referenced in Plaintiff's motion for judgment on the

pleadings. ECF No. 28 at 1.  Therefore, Defendant has not "failed to

respond as required by law" as argued by Plaintiff.

Furthermore, the time for filing a motion for judgment on the

pleadings has not yet arrived.  Only if Defendant's motion to dismiss is

denied will Defendant be required to file an answer, and only then will the

pleadings be "closed" - which is the appropriate time to file a motion for

judgment on the pleadings pursuant to Rule 12(c).  Thus, Plaintiff's motion,

ECF No. 28, is premature, incorrect, and should be denied.

Plaintiff is reminded that Defendant's motion to dismiss is pending.

ECF No. 26.  Plaintiff has an opportunity to respond in opposition to

---

[1] Rule 7(a) defines what is a pleading.

Defendant's motion, ECF No. 26, but he must do so no later than **November 3, 2023**, as previously directed.  *See* ECF No. 27.  Plaintiff is also reminded that the Court may grant Defendant's motion "by default" if Plaintiff "does not file a memorandum as required by this rule."  N.D. Fla. Loc. R. 7.1(H).

It is respectfully **RECOMMENDED** that Plaintiff's motion for judgment on the pleadings, ECF No. 28, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2023.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a**

**party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**